# UNITED STATES EX REL. PHILLIPS *v.* BALLINGER.

---

MANDAMUS; ATTORNEYS.

Where the Secretary of the Interior, having disbarred an attorney from practice before his Department, two months thereafter canceled and revoked the order of disbarment, but declined to make the order of restoration read so as to show that it related back to and vacated the first order as of its date, mandamus will not lie at the instance of the attorney to compel a subsequent Secretary to vacate the order

of disbarment as of the time when it was made, and to cause the relator to be restored to all the rights he may have lost in matters pending in the Department by reason of the order of disbarment, as the order of restoration was made in the exercise of the Secretary's unquestioned jurisdiction, and this court has no power to review his judgment. If the order of disbarment was without due process of law, it is a nullity, and impeachable in any proceeding in which it may be pleaded or offered in evidence.

No. 2140.    Submitted October 5, 1910.    Decided November 1, 1910.

HEARING on an appeal by the relator from a judgment of the Supreme Court of the District of Columbia, discharging a rule to show cause why the writ of mandamus should not issue, and dismissing a petition therefor.              *Affirmed.*

The COURT in the opinion stated the facts as follows:

This action, begun against the former Secretary of the Interior, James R. Garfield, and continued against his successor, Richard A. Ballinger, is for a writ of mandamus to compel him to "vacate, annul, and set aside" an order of disbarment entered against him on February 5th, 1900," as of the day and time when the said order was made, and cause to be restored to petitioner all the rights that he may have lost in matters pending in said Department by reason of said unlawful and void judgment." The facts, about which there is no dispute, are that Phillips was admitted to practice, as a pension claim attorney, before the Bureau of Pensions on December 4th, 1877. The Commissioner of Pensions, in 1889, began a proceeding to disbar him, and reported to the Secretary of the Interior, recommending an order of disbarment. This was approved by Secretary Hitchcock, and the order entered February 5th, 1900. An application to vacate said order having been recommended by the Assistant Attorney General for the Interior Department, another order was entered April 26, 1900, declaring that the order of disbarment "be canceled and revoked."

Relator made application to have said order read so as to

show on its face that it related back to and vacated the order of February 5th, as from that date. The Secretary, holding that the effect of the order as entered was to restore relator to the rights and privileges accorded to him prior to February 5, declined to amend the order. He informed the Pension Commissioner that the order "had not been annulled, but canceled and revoked."

On October 28, 1908, upon a like application to Secretary Garfield, who had succeeded Hitchcock, he declined action on the ground that the records "show the entire transaction, and place Mr. Phillips in as good a position as this Department can place him."

Petitioner alleges that it was the plain duty of the Secretary to declare void the order of February 5th, 1900, and restore him to his status and legal rights, as if no such order had been entered. His contention is that the proceeding resulting in said order were without notice to him, or opportunity for hearing, and it was therefore void because a violation of the constitutional guaranty of due process of law. He contends that the annulment of the order, as requested, would restore him to his right to fees between February 5, 1900, and April 26, 1900, which have been denied him; and further, that it is necessary to maintain his defense to an action pending against him in New Jersey. To that action, begun by a former employee on a contract of employment, he has pleaded in recoupment damages accruing to him through the circulation by the plaintiff therein among his clients of the statement that he had been lawfully and properly disbarred from practice before the Interior Department; and he contends that he can take no benefit from that plea, unless he can have said order of disbarment declared to have been null and void as of the date of its rendition.

*Mr. Linton Satterthwaite, Messrs. Tucker, Kenyon, & Macfarland,* and *Mr. E. S. Bailey* for the appellant.

*Mr. Oscar Lawler,* Assistant Attorney General, and *Mr. F. W. Clements* and *Mr. C. Edward Wright,* Assistants, for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The learned justice in the court below was undoubtedly right in dismissing the relator's petition. The Secretary entered the order of April 26, 1900, in the exercise of an unquestioned jurisdiction. He canceled and vacated his prior order as having been erroneously entered. Probably the order was as effective for all the purposes of the relator as if entered in the exact form requested. Whether so or not, this court is vested with no jurisdiction to review the judgment of the Secretary of the Interior, entered in the exercise of his discretion. Nor can it, in this proceeding, undertake to interpret the meaning and operation of the order entered, and restore relator to any rights of property that may have been denied him by virtue of the order of disbarment, while it was in apparent force. That could only be done in a case involving such a right between the parties interested.

If the order of February 5, 1900, was entered without due process of law, it would be a nullity, and impeachable in any proceeding in which it might be pleaded or offered in evidence. But the duty of ascertaining the effect of that order, and of its subsequent cancelation is that of the tribunal in which the action is depending. This conclusion makes it unnecessary to consider the effect of limitation and laches, which have been urged in bar of the action.

The judgment will be affirmed with costs.    *Affirmed.*